UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Respondent/Plaintiff,<br>　　v.<br><br>RONALD WILLIAMS III,<br><br>　　　　　Petitioner/Defendant. | Case Nos. 3:16-cr-00086-MMD-WGC-1<br><br>ORDER |

**I.　SUMMARY**

Williams plead guilty to one count of Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (ECF Nos. 25, 27) and on November 7, 2017, the Court sentenced him to 70 months imprisonment (ECF No. 29). Before the Court is Williams' motion to vacate, set aside, or correct his conviction and sentence under 28 U.S.C. § 2255(a). (ECF No. 32 (the "Motion").)[1] Williams filed his Motion in response to the Supreme Court's ruling in *Rehaif v. U.S.*, 139 S. Ct. 2191 (2019), arguing that the Supreme Court's reinterpretation of 18 U.S.C. §§ 922(g) and 924(a)(2) in *Rehaif* renders his indictment defective for failure to include a requisite mens rea element. But because Williams' claims are procedurally barred, because he waived the right to raise constitutional claims like this one when he plead guilty unconditionally, and as further explained below, the Court will deny the Motion.

**II.　BACKGROUND**

On December 14, 2016, a grand jury indicted Petitioner Ronald Williams on two counts of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and

---

[1]The government opposes the Motion. (ECF No. 34.) Williams filed a reply. (ECF No. 38.)

924(a)(2). (ECF No. 1.) As to Count Two, Felon in Possession of a Firearm, the indictment alleges the following:

> On or about November 23, 2016, in the State and District of Nevada, Ronald Williams III, defendant herein, having been convicted of crimes punishable by imprisonment for a term exceeding one year . . . did knowingly possess a Norinco rifle . . . a Norinco rifle . . . a Smith & Wesson rifle . . . a Smith & Wesson rifle . . . a Heckler & Koch rifle . . . said possession being in and affecting commerce; all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

(*Id.*) Williams plead guilty to Count Two of the indictment and Count One was dismissed. (ECF Nos. 25, 27.) On November 7, 2017, the Court sentenced Williams to 70 months imprisonment and three years supervised release. (ECF No. 29.) Judgment was entered on November 13, 2017. (ECF No. 30.) Williams did not appeal his sentence. He is scheduled to be released on November 12, 2021. (ECF No. 32 at 5.) On June 16, 2020, he filed the Motion. (ECF No. 32.)

### III.     LEGAL STANDARD

As noted, Williams requests his sentence be vacated, set aside, or corrected under 28 U.S.C. § 2255(a) following the Supreme Court's decision in *Rehaif*, 139 S. Ct. 2191. (*Id.*) Under § 2255, a federal prisoner may "move the court which imposed the sentence to vacate, set aside or correct the sentence" if the sentence was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). On June 21, 2019, the Supreme Court decided *Rehaif,* overruling longstanding Ninth Circuit precedent regarding the required mens rea under 922(g) and 924(a)(2).[2] *See* 139 S. Ct. at 2200. Prior to the decision, the government was only required to prove the defendant knowingly possessed a firearm. *See id.* But under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* Thus, the decision added a new mens rea element to 922(g) and 924(a)(2).

///

---

[2] *See U.S. v. Enslin*, 327 F.3d 788,798 (9th Cir. 2003) (holding the government did not need to prove defendant knew of their prohibited status under 922(g).)

## IV. DISCUSSION

Williams argues that his indictment failed to state a federal crime by omitting a necessary element of § 922(g)(1) required under *Rehaif*, depriving the court of subject matter jurisdiction and rendering his conviction unconstitutional. (ECF No. 32.) As to the constitutionality of the conviction, Williams claims that the indictment lacked a cognizable claim, violating his Fifth Amendment right requiring that the grand jury find probable cause to support all necessary elements of the crime, and his Sixth Amendment right guaranteeing notice of the nature and cause of the accusations against him. (*Id.*) Further, Williams argues that the government was required to demonstrate not only that he knew of his prohibited status, but also that he knew his status prohibited him from possessing a firearm. (*Id.*) Ultimately, Williams maintains these errors are structural, requiring the Court vacate his conviction and release him. (*Id.*)

The government responds that Williams' claims are waived by his unconditional guilty plea, and procedurally barred because they were not raised on direct appeal. (ECF No. 34.)

As further explained below, the Court addresses each issue Williams raises and finds as follows. First, Williams' petition is timely. Second, *Rehaif* applies retroactively. Third, the government is not required to demonstrate Williams knew he was barred from possessing a firearm. Fourth, the Court had subject matter jurisdiction at the time it imposed his sentence. Fifth, Williams' claims are procedurally barred because while he can demonstrate cause, he has failed to demonstrate prejudice and there is no structural error. Finally, Williams waived his right to bring a challenge by pleading guilty. In short, the Motion is ultimately denied because Williams waived his right by pleading guilty and the Motion is procedurally barred.

///

///

///

///

3

### A. The Petition is Timely

Under 28 U.S.C. § 2255, a "1-year period of limitation" applies and runs from the latest of four time triggers.[3] *See* 28 U.S.C. § 2255. Williams claims that his Motion is timely because it was filed within one year of *Rehaif* being decided. (ECF No. 32 at 10.) Under this standard, the Motion is timely. *Rehaif* was decided June 21, 2019, and thus Williams had until June 20, 2020 to file for relief. The Motion was filed June 16, 2020. (ECF No. 32.) Thus, it was filed within one year of the Court's decision in *Rehaif*. Moreover, the government does not contest timeliness.

### B. Retroactivity

Williams next argues that the new rule established in *Rehaif* applies retroactively to his case. (*Id.* at 10-11.) As the government does not dispute retroactivity,[4] the Court assumes without deciding that *Rehaif* applies retroactively to Williams' § 2255 claims. *See U.S. v. Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1 (D. Nev. Nov. 30, 2020).

### C. Required Proof

Williams further argues that the plain language of *Rehaif* requires the government not only demonstrate he knew of his prohibited status—as previously convicted of a crime punishable by more than one year—but knew that this status barred him from possessing a firearm. (ECF No. 32 at 7-9.) The Court finds that the government was only required to

---

[3] The four time triggers are: "(1) The date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255.

[4] The government only cursorily addresses retroactivity and at no point refutes Williams' argument that *Rehaif* applies retroactively. (ECF No. 34 at 6 ("Just as Williams argues with respect to the retroactivity analysis, *see* ECF No. 32, at 11, the government believes that *Bailey v. United States*, 516 U.S. 137 (1995) provides an 'excellent parallel' for the procedural default analysis.").)

prove that Williams knew of his prohibited status, not that Williams knew his status barred him from possessing a firearm. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1.

### D.   Subject Matter Jurisdiction

Next, Williams argues that because the indictment did not describe each element of the offense he was charged with, it failed to make out a federal offense, depriving the Court of jurisdiction under 18 U.S.C. § 3231—a defect constituting structural error. (ECF No. 32 at 15-16.) To the extent the indictment was defective for failing to allege the mens rea element under *Rehaif*, it did not deprive this Court of subject matter jurisdiction. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1.

### E.   Procedural Default

The government also argues that Williams' claims are procedurally defaulted. (ECF No. 34 at 6.) While a defendant is permitted to attack the legality of his sentence or conviction, a defendant who fails to raise the claim on direct appeal is procedurally defaulted unless the defendant can demonstrate: (1) cause and prejudice; or (2) actual innocence. *See Bousley* 523 U.S. at 622 (citations omitted); *U.S. v. Frady,* 456 U.S. 152, 167-168 (1982).

Williams does not contest that he did not raise the claim in the Motion during his direct appeal, but Williams responds he can overcome his procedural default because the errors in his indictment are structural, requiring only a showing of cause to set it aside. (ECF No. 32 at 13, 16-21.) Alternatively, Williams argues that he can overcome procedural default because he has sufficiently demonstrated cause and prejudice. (ECF No. 38 at 7-10.) The Court finds that Williams demonstrates cause but not prejudice or structural error.

#### 1.   Cause

A defendant has cause to overcome procedural default when the "constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). A claim is not reasonably available if it "overturn[s] a longstanding

and widespread practice to which this Court has not spoken, but which a near-unanimous body of lower court authority has expressly approved." Id. at 17 (quotation omitted).

The Court finds Williams has cause because *Rehaif* overturned longstanding practice approved by a near unanimous body of lower courts, making his claim based on *Rehaif* "novel." *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1.

### 2. Prejudice

The actual prejudice prong of the procedural default analysis requires a defendant show "not merely that the errors created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire proceedings with error of constitutional dimensions." *Murray v. Carrier*, 477 US at 478, 488 (1986). For defective indictments, the question is "whether an error or omission in an indictment worked to the prejudice of the accused." *U.S. v. James*, 980 F.2d 1314, 1316 (9th Cir. 1992). More specifically, the question is whether the defendant had "been given adequate knowledge of the missing element[] in order to satisfy the due process requirement." *Id.* at 1318.

Williams argues that without adequate knowledge of the missing element, due process was not satisfied because he was not given notice and not able to put on a thorough defense. (ECF No 38 at 17-21.) The government relies on the Ninth Circuit's decision in *U.S. v. Benamor*, 937 F.3d 1182, 1186 (9th Cir. 2019), to argue that, given his criminal history, no reasonable possibility exists that Williams did not know he had been convicted of a crime for which he could be sentenced to more than a year imprisonment. (ECF No. 34 at 17-19.)

In *Benamor*, the defendant filed a petition for rehearing following *Rehaif*, arguing that the evidence was insufficient because the government failed to prove he knew he was a felon. *See* 937 F.3d at 1188. The Ninth Circuit pointed to the defendant's stipulation that he had been convicted of a crime punishable by more than one year to relieve the government's burden. *See id.* But the Ninth Circuit also acknowledged that "the stipulation does not end the discussion as to Defendant's *knowledge* of his status." *Id.* Rather, the court pointed to defendant's seven prior felony convictions, several of which were

6

sentences for more than one year imprisonment imposed, as well as the nine years he actually spent in prison and conclusively indicated there was no error in not instructing the jury to find knowledge of prohibited status. *Id.* And although, as Williams points out, the plain error standard does not apply here,[5] *Benamor* is instructive. There, the Ninth Circuit relied on the stipulation but focused primarily on the nine years in prison. Many courts determining prejudice have similarly relied predominantly on a defendant's criminal history to find it is implausible that the defendant did not know they had been convicted of a crime punishable by imprisonment for a term exceeding one year.[6]

Here, the Court similarly finds it implausible that Williams was unaware of his status, as formerly convicted of a crime punishable by imprisonment for a term exceeding

---

[5] "This is the wrong standard. Tellingly, the government cites no case applying the plain error standard to habeas petitions. This is because 'use of the 'plain error' standard to review [a] § 2255 motion [is] contrary to long-established law.'" (ECF No. 38 at 19 (citing *Frady*, 456 U.S. at 167).)

[6] *See e.g., U.S. v. Reynolds*, Case No. 2:16-cr-00296-JAD-PAL-3, 2020 WL 5235316, at *4 (D. Nev., Sept. 2, 2020) (finding that 13 total years in prison on five felony convictions "renders it implausible that Reynolds did not know at the time of this offense that he had been convicted of a crime punishable by imprisonment for a term exceeding one year and forecloses his actual-prejudice arguments."); *U.S. v. Lowe*, Case No. 2:14-cr-00004-JAD-VCF, 2020 WL 2200852, at *2 (D. Nev. May 6, 2020) (finding that evidence of serving five years in prison "proves beyond a reasonable doubt that Lowe well knew at the time of the offense that he had been convicted of 'a crime punishable by imprisonment for a term exceeding one year.'"); *Whitley v. U.S.,* Case No. 04 Cr. 1381 (NRB), 2020 WL 1940897, at *2 (S.D.N.Y. Apr. 22, 2020) (finding that "any argument that Whitley was prejudiced therefrom is belied by the sheer implausibility that, after having been convicted of multiple prior felony convictions for which sentences exceeding a year had been imposed, and having in fact served more than a year in prison in connection therewith, Whitley nevertheless lacked the requisite awareness of his restricted status."); *MacArthur v. U.S.*, Case No. 1:12-cr-00084-JAW, 2020 WL 1670369, at *10 (D. Me. Apr. 3, 2020) ("The record, including the presentence investigation report, shows that Petitioner had numerous prior felony convictions over many years before the § 922(g) conviction at issue…[thus] the Government would have been able to prove beyond a reasonable doubt that Petitioner knew of his prohibited status at the time he possessed the firearm."); *Floyd v. U.S.*, Case No. 19 C 6578, 2020 WL 374695, at *3 (N.D. Ill. Jan. 23, 2020) ("His plea agreement stated that he had previously been convicted of a crime (heroin manufacturing/delivery) for which he was sentenced to *four years* in prison, and he admitted at his plea hearing that he 'had been convicted of at least one crime punishable by imprisonment for a term exceeding one year. It is inconceivable that Floyd would have declined to plead guilty…'") (citations omitted).

one year, given his criminal history. By the time Williams allegedly possessed the firearm, he had previously served more than a year in prison for a prior conviction for felon in possession of a firearm. (ECF No. 34 at 18; *see* Presentence Investigation Report at ¶ 37 (Williams was sentenced to 12 to 48 months imprisonment on August 2013 conviction for Ex-Felon in Possession of a Firearm).)

Thus, as other courts have concluded,[7] Williams is unable to demonstrate prejudice given his criminal record. The Court finds that Williams did not suffer prejudice. Accordingly, Williams cannot overcome procedural default.

### 3. Structural Error

Alternatively, Williams argues that the constitutional errors are structural, requiring only a showing of cause and not prejudice. The Court finds no structural error fatally infected Williams' indictment. *See U.S. v. Feehan-Jones*, Case No. 3:15-cr-00011-MMD-VPC-1 (D. Nev. Dec. 2, 2020).

### F. Claims Waived by Unconditional Guilty Plea

Finally, the government argues that by pleading guilty unconditionally, Williams waived his right to make any non-jurisdictional challenges to the indictment under the rule announced in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). (ECF No. 34 at 14.) The Court finds Williams' claims are barred by his guilty plea. *See Abundis*, Case No. 2:18-cr-00158-MMD-VCF-1. Therefore, the claims are both procedurally barred, as discussed above, and also barred by his guilty plea.

## V. CERTIFICATE OF APPEALABILITY

Before Williams can appeal the Court's decision to deny his Motion, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22; 9th Cir. R. 22-1; *U.S. v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). To receive such a certificate, a petitioner must make "'a substantial showing of the denial of a constitutional right' as to

---

[7]As discussed above in footnote 6, other courts have predominantly relied on the amount of time in custody to find no prejudice exists. *See, e.g., Lowe*, 2020 WL 2200852, at *2 n.15 (collecting cases).

each issue the petitioner seeks to appeal." *Washington*, 653 F.3d at 1059 (quoting 28 U.S.C. § 2253(c)(2), (3)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court determines that reasonable jurists would not find its reasoning debatable or wrong. Thus, the Court will deny a certificate of appealability.

**V.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Williams' motion to vacate, set aside, or correct his conviction and sentence (ECF No. 32) is denied.

It is further ordered that a certificate of appealability is denied.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 2nd Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE